Page 1 of 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERALD JAMES CARTER,

Plaintiff,

v. Case No. 3:26-cv-4777-MW-HTC

C. NICOLAS, et al.,

Defendants.
_______________________/

REPORT AND RECOMMENDATION

Plaintiff Gerald James Carter, a prisoner proceeding *pro se*, initiated this action by filing a complaint under 42 U.S.C. § 1983 alleging officials at Santa Rosa Correctional Institution violated his constitutional rights. Doc. 10. After reviewing the first amended complaint, the undersigned finds it should be dismissed because Carter failed to truthfully disclose his litigation history.

This Court's Local Rules require prisoners and *pro se* litigants to use the Court's complaint form when filing a civil rights complaint. *See* N.D. Fla. Loc. R. 5.7(A). Section VIII of the form required Carter to disclose his prior litigation history and warned him that "***failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case.***" Doc. 10 at 14 (emphasis in original). The form also

advised Carter that he "***should err on the side of caution if you are uncertain whether a case should be identified.***" *Id.*

Question VIII.C. asked Carter to identify "any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement."[1] *Id.* at 16.

Despite signing the complaint under "penalty of perjury, that all of the information … included on or with [the] form, including [his] litigation history, is true and correct," (Doc. 10 at 18, 21), Carter did not truthfully disclose his litigation history. In response to Question VIII.C., Carter failed to disclose two Supreme Court of Florida cases which are appeals stemming from his conviction: (1) *Gerald James Carter v. State of Florida*, SC2019-0165 (Fla.); and (2) *Gerald James Carter v. State of Florida*, SC2017-1891 (Fla.). Moreover, this is not the first time Carter has failed to truthfully disclose his litigation history. *See Carter v. Nicolas*, 3:26-cv-04126-TKW-HTC (dismissed for failure to disclose).

The Court has the inherent power to dismiss a complaint for failure to disclose even a single case. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025) (recognizing court's inherent authority to dismiss an action for failure to truthfully

[1] The questions on the form serve several purposes, including assisting the Court: (1) in gauging a plaintiff's litigation experience; and (2) in identifying cases that qualify as strikes under 28 U.S.C. § 1915(g) and cases that are related or duplicative. *See Jacobs v. Comerford*, 2013 WL 6184052 at *4 (N.D. Fla. Nov. 25, 2013).

disclose litigation history when requested to do so on complaint form). It also has the inherent power to dismiss based on a failure to comply with orders of the Court, this Court's local rules, or for abusing the judicial process. *Id.* at 1308; *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.").

Thus, an appropriate sanction for Carter's failure to truthfully disclose his litigation history is to dismiss this case without prejudice. *See Bratton v. Sec'y Dep't of Corr.*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191/RH/HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Carter's failure to truthfully disclose his litigation history.

2. The motion for a preliminary injunction (Doc. 11) be TERMINATED as MOOT.

3. The clerk close the file.

At Pensacola, Florida, this 13th day of October, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.